Magistrate Judge S. Kate Vaughan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>RENART ALEXANDER RAVELO-CORVO | CASE NO. MJ22-078<br><br>COMPLAINT FOR EXTRADITION<br><br>(18 U.S.C. § 3184) |

I, JOSEPH C. SILVIO, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to Canada.

2. There is an extradition treaty in force between the United States and Canada, the Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, *as amended by* the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990), *and* the Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty").

3. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

COMPLAINT FOR EXTRADITION – 1
USAO # 2022V00139

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States for the provisional arrest of RENART ALEXANDER RAVELO-CORVO ("RAVELO-CORVO") with a view towards his extradition.

5. According to the information provided by the Government of Canada, on March 6, 2020, RAVELO-CORVO was convicted after a trial of one (1) count of sexual assault, in violation of section 271 of the Criminal Code of Canada ("CCC"), and one count of unlawful confinement, in violation of section 279(2) of the CCC. On October 29, 2020, he was sentenced to three (3) years' imprisonment for the sexual assault offense, and one (1) year of imprisonment for the unlawful confinement offense, with those sentences to run concurrently. RAVELO-CORVO has served six (6) days of his sentence. He has 1,089 days remaining to serve on that sentence.

6. Those offenses were committed within the jurisdiction of Canada. A warrant for RAVELO-CORVO's arrest was issued on January 26, 2022, by Madam Justice Fisher of the Court of Appeal for British Columbia because he failed to appear in court as required by an order setting his conditions of release.

7. The provisional arrest request presents the following facts as the basis for RAVELO-CORVO's convictions and arrest warrant:

   a. In May 2016, RAVELO-CORVO and the Victim had known each other for approximately one year. On May 8, 2016, the Victim and RAVELO-CORVO left a nightclub together and walked to RAVELO-CORVO's apartment building. While traveling to RAVELO-CORVO's apartment, the Victim told RAVELO-CORVO that she was not interested in having sex with him.

   b. After arriving at RAVELO-CORVO's apartment, the Victim agreed to go up to RAVELO-CORVO's apartment, but only to use the washroom and get a glass of water. RAVELO-CORVO tried to kiss her in the elevator of his apartment building, but she resisted.

   c. The Victim went to RAVELO-CORVO's apartment and used the washroom. When the Victim attempted to exit the washroom, RAVELO-CORVO blocked the doorway, and the Victim exited the washroom through another door that led to RAVELO-CORVO's bedroom.

COMPLAINT FOR EXTRADITION – 2
USAO # 2022V00139

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

       RAVELO-CORVO came into the bedroom and while there, forcibly pinned the Victim down on his bed.

    d. Without the Victim's consent, RAVELO-CORVO first digitally penetrated the Victim. While she was in RAVELO-CORVO's apartment, the Victim told RAVELO-CORVO she did not want to have sex with him and that the only way he would have sex with her was if he raped her. Without her consent, RAVELO-CORVO then had sexual intercourse with the Victim.

    e. On March 6, 2020, Madam Justice Sharma of the Supreme Court of British Columbia convicted RAVELO-CORVO of sexual assault and unlawful confinement in relation to the incident that occurred on May 8, 2016. On October 29, 2020, Justice Sharma sentenced RAVELO-CORVO to three (3) years' imprisonment for the sexual assault offense, and one (1) year of imprisonment for the unlawful confinement offense, with those sentences to run concurrently.

    f. RAVELO-CORVO appealed his conviction to the Court of Appeal for British Columbia. On November 3, 2020, RAVELO-CORVO was released from custody pending appeal pursuant to conditions of release. RAVELO-CORVO's release order required him to appear in court on the date set by the British Columbia Court of Appeal for issuance of the judgment. On January 17, 2022, the Court of Appeal notified the parties that it would release its judgment in RAVELO-CORVO's case on January 20, 2022. RAVELO-CORVO did not appear in court as required on January 20, 2022.

    g. The Court of Appeal released its judgment on January 26, 2022, rejecting RAVELO-CORVO's request for a new trial and dismissing RAVELO-CORVO's appeal.

8. The offenses with which RAVELO-CORVO was charged and convicted are provided for in Article 2 of the Treaty.

9. RAVELO-CORVO may be found within the jurisdiction of this Court. RAVELO-CORVO entered the United States on January 18, 2022, and is currently in the custody of U.S. Immigration and Customs Enforcement in Tacoma, Washington.

COMPLAINT FOR EXTRADITION – 3
USAO # 2022V00139

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. The Government of Canada has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty, within the time required under the Treaty.

WHEREFORE, the undersigned requests that a warrant for the arrest of RENART ALEXANDER RAVELO-CORVO be issued in accordance with the Agreement between the United States and Canada, and Title 18, United States Code, Section 3184, so that the fugitive may be arrested and brought before this court.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
JOSEPH C. SILVIO
Assistant United States Attorney

The above-named attorney provided a sworn statement to the truth of the foregoing affidavit by telephone at Seattle, Washington, on the 28th day of February 2022.

_____
HON. S. KATE VAUGHAN
United States Magistrate Judge

COMPLAINT FOR EXTRADITION – 4
USAO # 2022V00139

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970